# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY STANLEY, Jr., CDCR #T-38494,<br><br>Plaintiff,<br><br>vs.<br><br>ANGIE NICHOLSON STANLEY; ISRAEL STANLEY; Ms. COPELAND, Tehachapi State Prison Correctional Officer; TODD MACALUSO, Attorney at Law,<br><br>Defendants. | Case No. 12cv2004 JLS (NLS)<br><br>**ORDER:**<br><br>**1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**AND**<br><br>**2) NOTING 28 U.S.C. § 1915(g) 3-STRIKES BAR** |

Plaintiff, Johnny Stanley, Jr., a state prisoner currently incarcerated at the California Correctional Institution ("CCI") in Tehachapi, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

While far from clear, it appears Plaintiff seeks to sue two private citizens and an attorney, all alleged to reside in San Diego, as well as a CCI correctional officer, for "depriving [him] of a fair and adequate administrative remedy" via the administrative grievance process at CCI. (Compl. at 1, 3.) Plaintiff includes no allegations of wrongdoing related to the private citizens he names as defendants; however, his exhibits suggest he seeks to sue Copeland, a CCI official, for "committ[ing] criminal acts ... of mail tampering,

1  obstruction of justice," and "gross negligence" related to a civil action he apparently filed in
2  San Diego Superior Court sometime in 2011.  (*Id.* 8-13.)

3  **I.     FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

4       All parties instituting any civil action, suit or proceeding in a district court of the
5  United States, other than a writ of habeas corpus, must pay a filing fee of $350.  *See* 28
6  U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is
7  granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See*
8  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

9       Plaintiff has not prepaid the $350 filing fee required to commence this action, nor has
10 he submitted a Motion to Proceed IFP.  Therefore, his case is subject to immediate dismissal
11 pursuant to 28 U.S.C. § 1914(a).  And while the Court would ordinarily grant him leave to
12 file an IFP motion pursuant 28 U.S.C. § 1915(a), it finds, for the reasons set out below, that
13 Plaintiff is no longer entitled to that privilege.

14 **II.    28 U.S.C. § 1915(g)'S "THREE-STRIKES" BAR**

15      "All persons, not just prisoners, may seek IFP status."  *Moore v. Maricopa County*
16 *Sheriff's Office*, 657 F.3d 890, 892  (9th Cir. 2011).   "Prisoners,"  however, "face an
17 additional hurdle."  *Id.*   In addition to requiring prisoners to "pay the full amount of a filing
18 fee," in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform
19 Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

20 > . . . if [a] prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal
21 > in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which
22 > relief can be granted, unless the prisoner is under imminent danger
> of serious physical injury.
23

24 28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision."
25 *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").  "Pursuant
26 to § 1915(g), a prisoner with three strikes or more cannot proceed IFP."  *Id.*; *see also*
27 *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating
28 under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely

be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

**III.  APPLICATION TO PLAINTIFF**

As an initial matter, the Court has carefully reviewed Plaintiff's pleading and has ascertained that it contains no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff appears to seek relief under 42 U.S.C. § 1983 against private citizens and a CCI prison official alleged to have interfered with legal mail intended for filing in a San Diego Superior Court civil action. (Compl. at 8-13.)

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial notice that Plaintiff Johnny Stanley, Jr., CDCR #T-38494, has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1)   *Stanley v. Lt. Lima, et al.*, Civil Case No. 1:98-cv-00760-ZLW (D. Colorado March 5, 1999) (Order dismissing amended complaint as "legally frivolous" and ordering plaintiff to file second amended complaint) (Doc. No. 40); (April 19, 1999 Order and Judgment of Dismissal for failure to comply with court order) (Doc. No. 42) ("strike one");

2)   *Stanley v. Calipatria State Prison, et al.*, Civil Case No. 3:03-cv-00601-BTM-NLS (S.D. Cal. June 13, 2003) (Order denying IFP and dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)) (Doc. No. 3); (Dec. 29, 2003 Order Denying Motions) (noting that because Plaintiff "did not submit an amended complaint alleging cognizable claims, there are no grounds on which relief may be granted to him.") (Doc. No. 12) ("strike two"); and

3)   *Stanley v. Calipatria State Prison, et al.*, Civil Case No. 3:03-cv–01125-IEG-JFS (S.D. Cal. June 23, 2003) (Order dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) (Doc. No. 3) ("strike three").[1]

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

/ / /

/ / /

---

[1] The Court further notes that both *Stanley v. Calipatria, et al.*, S.D. Cal. Civil Case No. 03cv0601-BTM-NLS and *Stanley v. Calipatria, et al.*, S.D. Cal. Civil Case No. 03cv1125-IEG-JFS, alleged similar claims, *i.e.*, that state prison officials and private actors had violated his copyrights by either stealing song lyrics or record company royalties he claims were his due.

**IV.  CONCLUSION AND ORDER**

For the reasons set forth above, the Court hereby:

(1)  DISMISSES this action sua sponte without prejudice for failing to prepay the $350 filing fee pursuant to 28 U.S.C. § 1914(a);[2]

(2)  NOTIFIES Plaintiff that he is barred from proceeding IFP in future federal civil actions or appeals while he is incarcerated pursuant to 28 U.S.C. § 1915(g), and

(3)  CERTIFIES that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (finding indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: September 24, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[2] If Plaintiff wishes to pursue his claims, he must commence a new and separate civil action by filing a complaint pursuant to FED.R.CIV.P. 3 which is accompanied by the $350 filing fee required by 28 U.S.C. § 1914(a).  Plaintiff is further cautioned that because he is not eligible to proceed IFP, he is also not entitled to the U.S. Marshal service authorized by 28 U.S.C.§ 1915(d) and FED.R.CIV.P. 4(c)(3).  Finally, because Plaintiff is a prisoner, any complaint he files will be subject to the screening required by 28 U.S.C. § 1915A(a) and dismissed sua sponte if it is found frivolous or malicious, if it fails to state a claim, or if it seeks monetary relief from a defendant who is immune, regardless of whether he has paid the full filing fee.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b) screening requirements).